■ MILLICENT BENDER, INC., Doing Business as AIRBORNE SECURITY, as Assignee of AIRBORNE INVESTIGATION AND PROTECTIVE SERVICES, Respondent, v J. D. POSILLICO, INC., Appellant.— In an action to recover money allegedly due to the plaintiff as assignee under a contract to provide security services, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered March 27, 1987, which denied its motion to strike the plaintiff's second note of issue and granted the plaintiff's cross motion to reinstate its first note of issue and to restore the action to the Trial Calendar, and (2) as limited by its brief, from so much of an order of the same court, entered August 14, 1987, as, upon reargument, adhered to its original determination restoring the case to the Trial Calendar.

Ordered that the appeal from the order entered March 27, 1987 is dismissed, as that order was superseded by the order entered August 14, 1987, made upon reargument; and it is further,

Ordered that the order entered August 14, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court, Suffolk County, properly granted the plaintiff's cross motion to reinstate its note of issue and restore the action to the Trial Calendar. Contrary to the defendant's argument, the action was not voluntarily discontinued pursuant to CPLR 3217. The record indicates that no written stipulation of discontinuance signed "by the attorneys of record for all parties' " was ever filed with the clerk of the court as required pursuant to CPLR 3217 (a) (2). Nor can the defendant prevail under CPLR 3217 (b), since the notation on the clerk's calendar docket card does not constitute an "order of the court". The defendant's reliance upon CPLR 2104, is similarly unavailing. The record indicates that the parties intended to execute, but never did execute, "a formal stipulation" discontinuing the action, and both counsel never reached any agreement with respect to that issue in "open court".

We have reviewed the defendant's remaining argument with respect to CPLR 3404, and find it to be without merit *(see, Merrill v Robinson,* 99 AD2d 578; *Tucker v Hotel Employees & Rest. Employees Union,* 134 AD2d 494). Mangano, J. P., Bracken, Harwood and Balletta, JJ., concur.