■ BROADWORTH REALTY ASSOCIATES, Appellant, v CHOCK 336 B'WAY OPERATING, INC., Respondent. BROADWORTH REALTY ASSOCIATES, Appellant, v CHOCK 336 B'WAY OPERATING, INC., Respondent, et al., Defendants and Cross-Claimants.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered September 15, 1989, which, *inter alia,* directed that defendant's counsel be made cosignatory for a certain escrow account, unanimously affirmed, with one bill of costs of all these appeals.

Order and judgment (one paper) of the same court, entered April 17, 1990, which granted summary judgment to defendant in the amount of $2,445,069.76 on its first counterclaim, directed that funds be released from the escrow account in payment of said judgment, severed defendant's second counterclaim, and denied plaintiff's motion to substitute an irrevocable letter of credit for the cash held in escrow, unanimously affirmed; and orders of the same court, entered August 29, 1990, which, *inter alia,* directed that the escrow account be transferred to defendant's counsel as sole escrow agent and account signatory, are unanimously affirmed.

Order of the same court, entered May 25, 1990, which denied plaintiff's motion for leave to renew its opposition to the summary judgment motion and to vacate the aforementioned order and judgment (one paper), unanimously affirmed.

Plaintiff's predecessor leased premises located at 336-344 Broadway to defendant pursuant to a lease dated July 29, 1983, which granted plaintiff an option to cancel on 120 days' notice in exchange for a cancellation fee, calculated as the sum of (A) the lesser of $1,000,000 or defendant's net profits for the 24-month period ending one month prior to the cancellation date plus (B) the unamortized cost of improvements made by defendant (Additional Cancellation Amount).

On March 18, 1988, plaintiff served defendant with a cancel-

lation notice which would have required vacation of the premises by September 30, 1988. Defendant initially resisted termination of the lease and commenced an action to enjoin the termination *(Chock 336 B'way Operating v Comanche Props.,* index No. 2518/88), obtaining a temporary restraining order. The order was vacated by order entered May 25, 1988 and a cancellation date of November 28, 1988 was established, which order was affirmed by this court *(Chock 336 B'way Operating v Comanche Props.,* 143 AD2d 317).

On August 26, 1988, defendant sent plaintiff an itemized list of amounts spent for leasehold improvements (the Additional Cancellation Amount). On October 24, 1988, plaintiff deposited said amount plus $1,000,000 in escrow with its then attorneys. On November 15, 1988, defendant sent plaintiff a certified statement of net profits for the relevant 24-month period. On November 17, 1988, defendant ceased doing business and tendered plaintiff surrender of the premises which was not accepted until November 28, 1988. The cancellation fee was not released.

Plaintiff requested its prior counsel to transfer the escrowed funds to its new counsel. Prior counsel notified defendant that it would comply unless defendant objected. Defendant demanded the funds be released to it and, by letter to its prior counsel dated December 19, 1988, plaintiff objected and for the first time raised a general objection to the documentation required before payment of the fee.

Plaintiff commenced this action to obtain a court order permitting the escrow account to be transferred. Defendant answered and asserted two counterclaims, the first for payment of the cancellation fee. In reply, plaintiff raised one affirmative defense, that defendant failed to submit satisfactory documentation as required under the lease. Plaintiff moved for an order directing transfer of the escrow fund. Defendant opposed and moved to require its counsel as cosignatory. By order entered September 15, 1989, the court agreed to the transfer but required defendant's counsel to be cosignatory.

Plaintiff thereafter moved for release of that portion of the escrow account exceeding defendant's claim. Defendant cross-moved for summary judgment. The court granted the cross motion, finding that plaintiff was barred from refusing to pay the cancellation fees by the doctrines of judicial estoppel, equitable estoppel and waiver. A money judgment was thereafter entered on April 17, 1990 on defendant's first counter-

claim totaling $2,445,069.76. By order entered May 25, 1990, the court denied a motion to renew and reargue on the grounds that nothing was presented which had not previously been or could have been raised. By orders entered August 29, 1990, the court, *inter alia,* granted defendant's motion to transfer the escrow account solely to defendant's counsel, which funds are to be held in escrow pending the appeal.

It is not necessary to determine if plaintiff is correct in arguing that judicial estoppel does not apply in this action, as equitable estoppel and waiver are clearly applicable. The party asserting estoppel must show (1) lack of knowledge of the true facts, (2) reliance on the conduct of the party estopped, and (3) a prejudicial change in its position. *(Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68). Here, plaintiff effectively represented that the cancellation fee would be paid once defendant vacated the premises, never objecting to the documentation regarding the Additional Cancellation Amount and depositing the amounts required for calculation in escrow as required by the lease. No objection was raised to either the Additional Cancellation Amount or the net profits statement within the 10 days after defendant, acting on its belief that the documentation was acceptable, had vacated the premises. By accepting the benefit of the contract and recovering possession of the premises, plaintiff waived any defect in defendant's compliance with the documentation requirements of the contract *(Sullivan v Brevard Assocs.,* 66 NY2d 489).

The court also properly denied the motion to renew as it was based on facts known to plaintiff at the time of the original motion *(Bergan v Home for Incurables,* 124 AD2d 517; *Foley v Roche,* 68 AD2d 558, 567-568). Further, because this is an action in equity, it was not improper to transfer the escrow account (especially as plaintiff now had again replaced its counsel) and make defendant's counsel sole escrow agent (20 NY Jur, Equity, §§ 64-66 [rev ed]). Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.