Onewest Bank FSB v Arecy (2020 NY Slip Op 07904)





Onewest Bank FSB v Arecy


2020 NY Slip Op 07904


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-09611
 (Index No. 32353/09)

[*1]Onewest Bank FSB, respondent, 
v
Michel Arecy, appellant, et al., defendants.


Miller, Rosado & Algios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michel Arecy appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 8, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to vacate an order of the same court (Laura Jacobson, J.) dated March 24, 2014, which, upon the plaintiff's failure to comply with an order of the same court dated December 4, 2013 (Laura Jacobson, J.), deemed the action to be abandoned, and denied that branch of the cross motion of the defendant Michel Arecy which was to cancel a notice of pendency.
ORDERED that the order dated June 8, 2018, is affirmed insofar as appealed from, with costs.
In December 2009, the plaintiff commenced this action against the defendant Michel Arecy (hereinafter the defendant), among others, to foreclose a mortgage encumbering property located in Brooklyn. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated December 4, 2013 (hereinafter the interim order), the Supreme Court, among other things, directed the plaintiff to provide, within 60 days, proof that it was the owner of the subject note at the time the action was commenced, and provided that the plaintiff's failure to do so would result in the action being "deemed abandoned." The plaintiff did not comply with the interim order. Thereafter, in an order dated March 24, 2014, the court deemed the action to be abandoned.
In November 2017, the plaintiff moved, inter alia, to vacate the March 24, 2014 order. The defendant opposed the motion and cross-moved, among other things, to cancel a notice of pendency filed against the subject property. In an order dated June 8, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to vacate the March 24, 2014 order and denied that branch of the defendant's cross motion which was to cancel the notice of pendency. The defendant appeals.
We agree with the Supreme Court's determination to vacate the March 24, 2014 order, which deemed the action to be abandoned. Contrary to the defendant's contention, since the action was in a pre-note of issue posture, that order constituted a purely administrative marking and, therefore, the court was empowered to vacate that order and restore the action to the active calendar without the plaintiff being required to demonstrate a reasonable excuse or a meritorious cause of [*2]action (see Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139, 1141; see also Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 21; Lopez v Imperial Delivery Serv., 282 AD2d 190, 200).
The defendant's remaining contention is without merit.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court