Pena v Deutsche Bank Natl. Trust Co. (2021 NY Slip Op 01266)





Pena v Deutsche Bank Natl. Trust Co.


2021 NY Slip Op 01266


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-12585
 (Index No. 520925/16)

[*1]Jovanny Pena, appellant, 
v
Deutsche Bank National Trust Company, etc., respondent. Solomon Rosengarten, Brooklyn, NY, for appellant.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Michael L. Curey of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated September 28, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2006, the plaintiff's predecessor in interest executed a mortgage on real property located in Brooklyn, as security for a note. In 2008, the defendant commenced an action to foreclose the mortgage, in which it called due the entire loan. Issue was never joined in the action. In 2014, the foreclosure action was marked disposed, apparently due to the failure to appear for a status conference.
In 2016, the plaintiff commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In the complaint, the plaintiff alleged that the foreclosure action had been dismissed and asserted that the commencement of a new foreclosure action would be barred by the applicable six-year statute of limitations. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. By order dated September 28, 2017, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the defendant demonstrated that despite the administrative marking of the foreclosure action as disposed, the foreclosure action was never dismissed or discontinued by court order or stipulation, and that it remains pending (see CPLR 3217; Onewest Bank FSB v Arecy, 189 AD3d 1440). Indeed, because issue was never joined in the foreclosure action, dismissal was not permissible pursuant to CPLR 3216 (see US Bank, N.A. v Picone, 170 AD3d 1070, 1072) or CPLR 3404 (see Lopez v Imperial Delivery Serv., 282 AD2d 190 198), and no order was issued dismissing the action pursuant to 22 NYCRR 202.27 (see Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084). Nor did the defendant ever take the position that the foreclosure action was discontinued or dismissed, but, rather, the defendant disputed the allegation that the action was no longer pending (cf. Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1233).
Accordingly, since the foreclosure action remains pending, the Supreme Court correctly determined that the plaintiff failed to state a cause of action to cancel or discharge of record the mortgage due to expiration of the statute of limitations.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court