Bank of Am., N.A. v Ali (2022 NY Slip Op 00838)





Bank of Am., N.A. v Ali


2022 NY Slip Op 00838


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-05181
 (Index No. 11869/09)

[*1]Bank of America, N.A., appellant, 
v
Mohammed Ali, respondent, et al., defendants.


Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 4, 2019. The order denied the plaintiff's motion to vacate an order of the same court dated July 30, 2013, conditionally dismissing the action, and to restore the action to the active calendar.
ORDERED that the order dated April 4, 2019, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated July 30, 2013, conditionally dismissing the action, and to restore the action to the active calendar is granted.
In or about May 2009, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Brooklyn against, among others, the defendant Mohammed Ali (hereinafter the defendant). On July 30, 2013, at a status conference, the Supreme Court issued a conditional order of dismissal for want of prosecution pursuant to CPLR 3216, directing dismissal of the instant action unless the plaintiff filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days. The plaintiff took no further action, and the action was administratively dismissed.
In 2015, the plaintiff commenced a new action against the defendant, among others, to foreclose the same mortgage (hereinafter the 2015 action). In the complaint and the amended complaint, the plaintiff recited that "a prior action was commenced but has been discontinued." In an order dated December 5, 2017, the Supreme Court granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint in the 2015 action insofar as asserted against him as time-barred.
In or about November 2018, the plaintiff moved in the instant action to vacate the conditional order of dismissal and to restore the action to the active calendar. By order dated April 4, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d [*2]522, 522; see Private Capital Group, LLC v Llobell, 189 AD3d 1483, 1485). Here, the Supreme Court was without authority to issue a 90-day notice since issue was not joined in the action (see CPLR 3216[b][1]; U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299; Wells Fargo Bank, N.A. v Pinargote, 150 AD3d 1311, 1311; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110).
Moreover, an action cannot be dismissed pursuant to CPLR 3216 "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235 [emphasis omitted], quoting CPLR 3216[b][3]; see HSBC Bank USA, N.A. v Arias, 187 AD3d 1158; Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982).
Here, the conditional order of dismissal, which, in effect, served as a 90-day notice pursuant to CPLR 3216, was defective in that it did not state that the plaintiff's failure to comply with the demand would serve as a basis for the Supreme Court, on its own motion, to dismiss the action for failure to prosecute (see id. § 3216[b][3]; Cadichon v Facelle, 18 NY3d at 235-236; Nationstar Mtge., LLC v Retemiah, 195 AD3d 628, 629; Deutsche Bank Natl. Trust Co. v Henry, 189 AD3d 1357, 1358; HSBC Bank USA, N.A. v Arias, 187 AD3d at 1158; Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982). Further, the record demonstrates that no such motion was ever made, nor was there entry of an order of dismissal.
Therefore, the Supreme Court should not have administratively dismissed the instant action.
Contrary to the defendant's contention, the plaintiff did not waive the right to challenge the administrative dismissal of the instant action. In Onewest Bank, FSB v McKay (172 AD3d 887, 887-888), the Supreme Court conditionally dismissed the action pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise proceeded by motion for entry of a judgment within 90 days. Thereafter, the plaintiff voluntarily discontinued the action and cancelled the notice of pendency (see Onewest Bank, FSB v McKay, 172 AD3d at 888). This Court held that by voluntarily discontinuing the action, the plaintiff, in effect, waived any right to challenge the propriety of the conditional order, and the conditional order became a nullity (see id.; see also GMAC Mtge., LLC v Ortiz, 177 AD3d 421). As the conditional order was a nullity, the issue of the propriety of the conditional order was academic (see Onewest Bank, FSB v McKay, 172 AD3d at 888).
CPLR 3217 provides the procedural mechanisms by which a plaintiff may voluntarily discontinue an action (see id.; Rodrigues v Samaras, 117 AD3d 1022, 1024). Pursuant to CPLR 3217, a plaintiff may voluntarily discontinue an action by serving and filing a notice of discontinuance, by filing a written stipulation that is signed by the attorneys of record for the parties, or by obtaining a court order discontinuing the action (see id.; Rodrigues v Samaras, 117 AD3d at 1024).
Here, the plaintiff did not take any of the actions provided in CPLR 3217. We disagree with our dissenting colleagues that "the plaintiff's service of a summons and complaint in the second action was the equivalent of a notice of discontinuance" in the first action. There is no support for the proposition that a plaintiff's statement in the complaint in one action can serve as a notice of discontinuance in another action in accordance with CPLR 3217. Thus, the plaintiff did not voluntarily discontinue the instant action (see Rodrigues v Samaras, 117 AD3d at 1024; Millicent Bender, Inc. v J.D. Posillico, Inc., 144 AD2d 548, 548; see also Pena v Deutsche Bank Natl. Trust Co., 192 AD3d 697, 698; cf. GMAC Mtge., LLC v Ortiz, 177 AD3d at 421; Onewest Bank, FSB v McKay, 172 AD3d at 888). Accordingly, the plaintiff did not waive the right to challenge the propriety of the conditional order, the conditional order did not become a nullity, and the issue of the propriety of the conditional order is not academic (cf. Onewest Bank, FSB v McKay, 172 AD3d at 888).
We reject the defendant's contention that the plaintiff effectively abandoned the instant action by commencing the 2015 action. Our dissenting colleagues' reliance upon U.S. Bank N.A. v Chait (178 AD3d 448), U.S. Bank Trust, N.A. v Humphrey (173 AD3d 811), and Old Republic Natl. Tit. Ins. Co. v Conlin (129 AD3d 804) to support the proposition that the commencement of the 2015 action effected a de facto discontinuance of the instant action is misplaced. In all of those cases, the plaintiffs or the plaintiffs' alleged predecessors in interest commenced actions to foreclose the mortgages in those actions (see U.S. Bank N.A. v Chait, 178 AD3d at 448; U.S. Bank Trust, N.A. v Humphrey, 173 AD3d at 811; Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805; see also MLB Sub I, LLC v Grimes, 170 AD3d 992, 994). Subsequently, the plaintiffs commenced second actions to foreclose the same mortgages or to collect on the mortgage debt, and the defendants moved pursuant to RPAPL 1301(3) to dismiss the second actions (see U.S. Bank N.A. v Chait, 178 AD3d at 448; U.S. Bank Trust, N.A. v Humphrey, 173 AD3d at 811; Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805; see also MLB Sub I, LLC v Grimes, 170 AD3d at 994).
RPAPL 1301(3) provides that "[w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." The statute contemplates a stay or dismissal of the later commenced action if leave is not obtained, not a dismissal of the first action (see First Nationwide Bank v Brookhaven Realty Assoc., 223 AD2d 618, 621-622). The purpose of RPAPL 1301(3) "is to protect the mortgagor 'from the expense and annoyance' of simultaneously defending against two independent actions to recover the same mortgage debt" (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805, quoting Central Trust Co. v Dann, 85 NY2d 767, 772; see U.S. Bank Trust, N.A. v Humphrey, 173 AD3d at 811). This Court has explained that RPAPL 1301(3) "should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time" (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805 [internal quotation marks omitted]).
This Court held, in Humphrey and Conlin, and the Appellate Division, First Department, held, in Chait, that although the first actions were not formally discontinued, the effective abandonment of those actions was a "de facto discontinuance" which militated against dismissal of the second action pursuant to RPAPL 1301(3) (see U.S. Bank N.A. v Chait, 178 AD3d at 448-449; U.S. Bank Trust, N.A. v Humphrey, 173 AD3d at 812; Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805). By so holding, this Court and the First Department allowed the plaintiffs to pursue the second actions to foreclose the mortgages or to collect upon the mortgage debt (see U.S. Bank N.A. v Chait, 178 AD3d at 448-449; U.S. Bank Trust, N.A. v Humphrey, 173 AD3d at 812; Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805).
Here, RPAPL 1301(3) is inapplicable. By November 2018, when the plaintiff moved, in effect, pursuant to CPLR 2221(a) to vacate the conditional order and to restore the instant action, which was the first action, to the active calendar, the 2015 action already had been dismissed. Thus, contrary to the position of our dissenting colleagues, the defendant was not subject to "the expense and annoyance of simultaneously defending against two independent actions to recover the same mortgage debt" at that time (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805 [internal quotation marks omitted]). Further, the concept of effective abandonment in RPAPL 1301(3) should be considered in the context of the strict construction of that statute. We see no reason to import the concept of effective abandonment from RPAPL 1301(3) to the situation here, where the plaintiff seeks to restore the first action to the active calendar after the second action has been dismissed (see generally First Nationwide Bank v Brookhaven Realty Assoc., 223 AD2d at 621-622).
Indeed, the procedural history of this case is very similar to the situation in Deutsche Bank Natl. Trust Co. v Gambino (181 AD3d 558). In Gambino, the plaintiff bank commenced the first action in 2009 to foreclose the mortgage and the defendant Joanne Gambino served a notice of appearance, but failed to interpose an answer (see id.). In an order dated May 3, 2012, the bank was directed to move for an order of reference on or before May 31, 2012, "or the matter will be dismissed for plaintiff's failure to prosecute" (id. at 558 [internal quotation marks omitted]). The bank took no further action, and the 2009 action was "administratively dismissed" in July 2012 (id. [*3][internal quotation marks omitted]). In 2015, the bank commenced a second action against, among others, Gambino, to foreclose the same mortgage (see id. at 558-559). Gambino moved, inter alia, to dismiss the complaint in the second foreclosure action insofar as asserted against her as time-barred (see id. at 559). In an order dated March 17, 2016, the Supreme Court denied the motion on the ground that the first action had never been properly dismissed because a 90-day demand was never served upon the bank pursuant to CPLR 3216 (see Deutsche Bank Natl. Trust Co. v Gambino (181 AD3d at 559).
Gambino appealed from the order dated March 17, 2016 (see id.; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1233). In that first appeal, this Court determined that the Supreme Court erred in denying Gambino's motion on a ground that the parties had not litigated, namely that the first action had never been properly dismissed, and this Court reversed the Supreme Court's denial of Gambino's motion to dismiss the complaint in the second foreclosure action insofar as asserted against her, determining that it was time-barred (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 559; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d at 1233). While the first appeal was pending, the bank moved to restore the first action to the active calendar, contending that the Supreme Court was without authority to dismiss this action due to its failure to comply with CPLR 3216(b) (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 559). Gambino opposed the motion and cross-moved to dismiss the complaint insofar as asserted against her (see id.). In an order dated April 14, 2017, the Supreme Court, inter alia, denied that branch of the bank's motion which was to restore the first action to the active calendar and granted Gambino's cross motion to dismiss the complaint insofar as asserted against her (see id.). The bank appealed, and this Court reversed (see id. at 558-559). This Court held that the Supreme Court should have granted that branch of the plaintiff's motion which was to restore the first action to the active calendar (see id. at 560).
We disagree with our dissenting colleagues that this case is meaningfully distinguishable from Gambino based upon the plaintiff's statement in the complaint and identical statement in the amended complaint in the 2015 action that the instant action had been "discontinued." In Gambino, the bank recited in its complaint in the second action that it intended to have the first action discontinued (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 559). Similar to the instant case, the defendant in Gambino contended that the plaintiff should be estopped from disputing the administrative dismissal of the first action (see id. at 560). Nevertheless, this Court rejected that contention (see id.). Although "'[a] party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed'" (id., quoting Barker v Amorini, 121 AD3d 823, 824 [internal quotation marks omitted]), judicial estoppel was inapplicable because the bank did not obtain a favorable judgment in the second action (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 560). Similarly, here, judicial estoppel is inapplicable because the plaintiff did not obtain a favorable judgment in the 2015 action (see id.).
Equitable estoppel is likewise inapplicable. "To establish an estoppel, a party must prove that it relied upon another's actions, its reliance was justifiable, and that, in consequence of such reliance, it prejudicially changed its position" (Flushing Unique Homes, LLC v Brooklyn Fed. Sav. Bank, 100 AD3d 956, 958 [internal quotation marks omitted]; see Matter of Geico Ins. Co. v Silverio, 171 AD3d 924, 925). The statements in the complaint and the amended complaint that the instant action had been discontinued were belied by the record, which indicated that this action had been conditionally dismissed by the Supreme Court, not voluntarily discontinued by the plaintiff. As the defendant served the conditional order of dismissal upon the plaintiff in February 2016, the defendant was clearly aware that the instant action had not in fact been voluntarily discontinued. Accordingly, the defendant is unable to demonstrate that his reliance upon the subject statements in the complaint and in the amended complaint was justifiable (see Matter of Geico Ins. Co. v Silverio, 171 AD3d at 925; Blount v Bovis Lend Lease Holdings, Inc., 35 AD3d 310, 311; see also Matter of Exxon Mobil Corp. v New York City Dept. of Envtl. Protection, 178 AD3d 696, 699). Further, the defendant has not sufficiently alleged any prejudicial change in his position, as the defendant would have had to defend himself in the 2015 action regardless of the statements in the complaint and the amended complaint that the instant action had been "discontinued" (see generally Prudential Home [*4]Mtge. Co. v Cermele, 226 AD2d 357, 358; Dimacopoulos v Consort Dev. Corp., 166 AD2d 631, 632; cf. Broadworth Realty Assoc. v Chock 336 B'way Operating, 168 AD2d 299, 301).
Contrary to the defendant's contention, the plaintiff was not required to move to restore the instant action to the calendar within any specified time frame (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 560). "[A] motion pursuant to CPLR 2221(a) to vacate an order is not subject to any specific time limitation" (U.S. Bank N.A. v Thompson, 189 AD3d 1643, 1644). The marking-off procedures of CPLR 3404 do not apply to pre-note of issue actions such as this one (see WM Specialty Mtge., LLC v Palazzollo, 145 AD3d 714, 715; JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d 946, 947).
Finally, we reject the defendant's contention that the instant action was barred by the doctrine of res judicata because the 2015 action was dismissed as time-barred. "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946; see Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628). Although a dismissal on the ground of the statute of limitations is considered to be on the merits for res judicata purposes (see Smith v Russell Sage Coll., 54 NY2d 185, 194; Williams v City of Yonkers, 160 AD3d 1017, 1018), here, it is undisputed that the instant action was timely when it was commenced in 2009. In the order dated December 5, 2017, the Supreme Court determined only that the 2015 action was untimely. "In properly seeking to deny a litigant two days in court, courts must be careful not to deprive [a litigant] of one" (Matter of Reilly v Reid, 45 NY2d 24, 28 [internal quotation marks omitted]; see Simmons v Trans Express Inc., 37 NY3d 107, 112). Under the unique circumstances here, res judicata does not operate as a bar to the restoration of the instant action to the active calendar.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the conditional order of dismissal and to restore the instant action to the active calendar.
DILLON, J.P., CONNOLLY and MILLER, JJ., concur.
HINDS-RADIX, J., dissents, and votes to affirm the order appealed from, with the following memorandum, in which BARROS, J., concurs:
As noted by my colleagues in the majority, the instant mortgage foreclosure action (hereinafter the first action) was commenced in or about May 2009, against, among others, the defendant Mohammed Ali (hereinafter the defendant). On July 30, 2013, at a status conference, the Supreme Court issued a conditional order of dismissal for want of prosecution pursuant to CPLR 3216, directing dismissal of the first action unless the plaintiff filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days. The plaintiff took no further action, and the first action was administratively dismissed. It appears that these administrative dismissals of mortgage foreclosure actions were a common practice, but an erroneous practice, remedied by a motion to restore (see U.S. Bank N.A. v Thompson, 189 AD3d 1643; Deutsche Bank Natl. Trust Co. v Henry, 189 AD3d 1357; U.S. Bank N.A. v Spence, 175 AD3d 1346).
However, rather than move for leave to restore, in 2015, the plaintiff commenced a new action against the defendant, among others, to foreclose the same mortgage (hereinafter the second action). In the complaint, the plaintiff recited that "a prior action was commenced but has been discontinued."
In or about February 2016, the defendant served the plaintiff with the conditional order of dismissal of the first action with notice of entry. Again, no further action was taken with respect to the first action. Rather, the plaintiff served an amended complaint which reiterated that the first action had been discontinued.
In an order dated December 5, 2017, the Supreme Court granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint in the second action insofar as asserted against him as time-barred. Nearly one year later, in or about November 2018, the plaintiff moved in the first action to vacate the conditional order of dismissal and to restore the first action to the active calendar. In the order appealed from, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Under well-settled law, the commencement of the second action constituted a de facto discontinuance of the first action (see U.S. Bank N.A. v Chait, 178 AD3d 448; U.S. Bank Trust, N.A. v Humphrey, 173 AD3d 811; Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804). The de facto discontinuance of the first action waived the plaintiff's right to challenge the administrative dismissal of the first action (see GMAC Mtge., LLC v Ortiz, 177 AD3d 421; Onewest Bank, FSB v McKay, 172 AD3d 887).
It should be noted that since issue was not joined in the first action, the plaintiff's service of a summons and complaint in the second action was the equivalent of a notice of discontinuance, which was all that was necessary to discontinue the action pursuant to CPLR 3217(a)(1) (cf. Pena v Deutsche Bank Natl. Trust Co., 192 AD3d 697). Further, contrary to the conclusion of my colleagues in the majority, the defendant here was forced to defend both actions at the same time. While the second action was pending, he served the plaintiff with the conditional order of dismissal of the first action with notice of entry, and the plaintiff served an amended complaint in the second action which reiterated that the first action had been discontinued.
It should also be noted that, while judicial estoppel does not apply here because "a party who assumes a certain position in a prior . . . proceeding" must secure a favorable judgment for the doctrine to apply (Barker v Amorini, 121 AD3d 823, 824 [internal quotation marks omitted]), equitable estoppel and/or waiver is a different concept, requiring merely a prejudicial change in position (see Broadworth Realty Assoc. v Chock 336 B'way Operating, 168 AD2d 299). In this case, the prejudicial change in position caused by the plaintiff's false representation in the second action that the first action had been discontinued required the defendant borrower to litigate the same cause of action in two separate actions—a scenario which RPAPL 1301 seeks to avoid (see Bosco Credit V Trust Series 2012-1 v Johnson, 177 AD3d 561, 562; see also Central Trust Co. v Dann, 85 NY2d 767, 772). Further, the plaintiff's conduct precluded the defendant from taking further action to secure a proper dismissal of the first action, which he was attempting to accomplish when he served the conditional order upon the plaintiff with notice of entry.
This case is distinguishable from Deutsche Bank Natl. Trust Co. v Gambino (181 AD3d 558). That case involves unique facts, where the plaintiff claimed it intended to discontinue the first foreclosure action sometime in the future, sought to keep both actions pending, and sought to consolidate the two actions. In the instant case, the plaintiff affirmatively stated both in its complaint and an amended complaint in the second action, that the first action had been discontinued, and its representation should be given effect.
Further, the first action is barred by the doctrines of res judicata and collateral estoppel because the Supreme Court ruled, in the second action, that the mortgage foreclosure cause of action was time-barred. "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946; see Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628). A dismissal on the ground of the statute of limitations is considered to be on the merits for res judicata purposes (see Smith v Russell Sage Coll., 54 NY2d 185, 194; Williams v City of Yonkers, 160 AD3d 1017, 1018; Mercury Capital Corp. v Shepherds Beach, 305 AD2d 471). The determination in the second action was an adjudication on the merits, which barred further litigation between the parties with respect to the mortgage foreclosure cause of action both in that action and in other actions (see Gulliano v Richardson, 278 AD2d 453; Forte v Kaneka America Corp., 110 AD2d 81), including other actions pending when the determination is rendered (see Coutsodontis v Peters, 39 AD3d 274).
It should also be noted that the limitation which my colleagues in the majority would impose on res judicata and collateral estoppel in mortgage foreclosure actions potentially could wreak havoc with title records—allowing unlimited time to restore a mortgage foreclosure action and the underlying mortgage after it was determined in another action that the mortgage was unenforceable.
Accordingly, the order appealed from should be affirmed.
ENTER:
Maria T. Fasulo
Clerk of the Court