Washington Mut. Bank v Brottman (2023 NY Slip Op 03041)

Washington Mut. Bank v Brottman

2023 NY Slip Op 03041

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-04741
 (Index No. 3007/08)

[*1]Washington Mutual Bank, plaintiff-respondent,
v
Gilda Brottman, et al., appellants; Federal National Mortgage Association, nonparty-respondent.

Young Law Group, PLLC, Bohemia, NY (Justin Pane of counsel), for appellants.
McCalla Raymer Leibert Pierce, New York, NY (Harold L. Kofman of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Gilda Brottman and Stanley Brottman appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 6, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Gilda Brottman and Stanley Brottman, to strike those defendants' answer, and for an order of reference, appointed a referee to compute the amount due to the plaintiff, and denied those defendants' cross-motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.
ORDERED that the order is affirmed insofar as appealed from, with costs to the nonparty-respondent.
On September 10, 2003, the defendant Gilda Brottman executed a note in the amount of $275,000 in favor of the plaintiff, Washington Mutual Bank (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Nassau County. On February 15, 2008, WaMu commenced the instant action to foreclose the mortgage against Gilda Brottman and the defendant Stanley Brottman (hereinafter together the defendants), among others. The defendants interposed an answer dated June 13, 2008.
In an order dated February 4, 2010, the Supreme Court directed WaMu to file a note of issue within 90 days. WaMu attempted to file a note of issue after the time in which to do so had expired. On May 11, 2010, the action was marked as "disposed."
On August 15, 2014, the mortgage was assigned to nonparty Federal National Mortgage Association (hereinafter FNMA). In January 2016, FNMA moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion, arguing that the action had already been dismissed. The Supreme Court, among other things, granted those branches of FNMA's motion and entered an order and judgment of foreclosure and sale.
On appeal, by decision and order dated June 26, 2019, this Court reversed the order and judgment of foreclosure and sale, determining, with respect to the issue of the case having been marked as "disposed" six years prior to FNMA's motion, that "[t]he Supreme Court, in effect, vacated the purely administrative marking, which it was able to do because there was no order dismissing the action" (see Federal National Mortgage Association v Brottman, 173 AD3d 1139, 1141). However, this Court held that the court erred in granting those branches of FNMA's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference because FNMA had failed to submit evidence to demonstrate, prima facie, that the defendants had defaulted on the subject note (id. at 1141).
In October 2019, WaMu moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion, and cross-moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them, on the ground that WaMu had failed to prosecute the action. In support of the cross-motion, the defendants submitted a letter from their attorney to WaMu's attorneys, dated September 3, 2019, demanding that prosecution of the action be resumed and a note of issue be served and filed within 90 days. The defendants further submitted a stipulation between themselves and WaMu, in which they agreed to adjourn WaMu's motion from November 22, 2019, until December 20, 2019.
In opposition to the defendants' cross-motion, WaMu submitted an affirmation of its attorney, who argued that "[t]he Appellate Division affirmed the Court's vacating of the May 11, 2010 administrative marking off of this matter and considering of the prior Motion for Summary Judgment and did not dismiss this matter as demanded by the Defendants." In his affirmation, WaMu's attorney further detailed his diagnosis of and treatment for cancer around the time Wamu made its motion, inter alia, for summary judgment, and affirmed that his illness was the reason Wamu inadvertently failed to file a note of issue with the motion.
In an order entered February 6, 2020, the Supreme Court, inter alia, granted those branches of WaMu's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, appointed a referee to compute the amount due to the plaintiff, and denied the defendants' cross-motion. The defendants
appeal.
The Supreme Court providently exercised its discretion in denying the defendants' cross-motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them, on the ground that WaMu failed to prosecute the action. CPLR 3216(a) provides: "Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading on terms." But CPLR 3216 is an "extremely forgiving" statute which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Davis v Goodsell, 6 AD3d 382, 383; see Western Union N.A. v Chang, 176 AD3d 1138, 1139). Moreover, "[a] court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522; see Bank of Am., N.A. v Ali, 202 AD3d 726, 727). One of those conditions precedent is that the court send the plaintiff a demand to resume prosecution at least 90 days prior to dismissing the case (see CPLR 3216[b][3]).
The defendants' contention that WaMu failed to comply with the original 90-day demand in the order dated February 4, 2010 is without merit. As this Court previously held, the Supreme Court had, in effect, vacated that 90-day demand (see Federal Nat. Mtge. Assn. v Brottman, 173 AD3d at 1141). The defendants' argument that the instant motion, inter alia, for summary judgment is untimely because it was not made in compliance with the original 90-day demand from 2010 is similarly without merit.
The defendants issued a second 90-day demand to WaMu on September 3, 2019. [*2]WaMu moved, inter alia, for summary judgment within 90 days of that demand. Although WaMu did not file a note of issue with its motion, inter alia, for summary judgment, the affirmation of its attorney provided a reasonable excuse for the failure to do so (see Goldstein v Meadows Redevelopment Co Owners Corp. I, 46 AD3d 509, 510-511; cf. Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d 1021, 1023). Moreover, there was no evidence that WaMu intended to abandon the instant action (see HSBC Bank USA, N.A. v Williams, 177 AD3d 950, 952).
Thus, the Supreme Court providently exercised its discretion in denying the defendants' cross-motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute. Moreover, since the defendants make no additional argument regarding the merits of those branches of WaMu's motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, we affirm the portion of the order granting those branches of WaMu's motion.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court