South Point, Inc. v John (2024 NY Slip Op 04340)

South Point, Inc. v John

2024 NY Slip Op 04340

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-07166
 (Index No. 56/08)

[*1]South Point, Inc., respondent, 
v
Keon Roger John, et al., defendants; Qassem M. Q. Rashed, intervenor-appellant.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for intervenor-appellant.
McGlinchey Stafford PLLC (Hinshaw & Culbertson LLP, New York, NY [Mitra Paul Singh], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Qassem M. Q. Rashed, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 13, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate a conditional order of dismissal of the same court dated December 10, 2013, and to restore the action to the active calendar.
ORDERED that the order dated June 13, 2022, is affirmed insofar as appealed from, with costs.
In 2008, the plaintiff, South Point, Inc. (hereinafter South Point), commenced the instant action to foreclose a mortgage on certain real property located in Brooklyn. By order dated December 10, 2013 (hereinafter the conditional order of dismissal), the Supreme Court directed dismissal of the complaint in the instant action pursuant to CPLR 3216 unless South Point filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days. In July 2014, the complaint in the instant action was dismissed pursuant to the conditional order of dismissal. Thereafter, the property was transferred to the intervenor, Qassem M. Q. Rashed.
In October 2017, Wilmington Savings Fund Society, FSB (hereinafter Wilmington), commenced an action against, among others, Rashed to foreclose the mortgage (hereinafter the 2017 action). After Rashed interposed an answer, Wilmington moved for summary judgment on the complaint and for an order of reference. Rashed opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In an order dated January 29, 2019, the Supreme Court denied Wilmington's motion, granted Rashed's cross-motion, and directed dismissal of the complaint in the 2017 action as time-barred. Wilmington appealed, and this Court affirmed the January 29, 2019 order (see Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774).
In January 2020, South Point moved in the instant action, inter alia, to vacate the conditional order of dismissal, to restore the action to the active calendar, and to substitute [*2]Wilmington as the plaintiff. Rashed opposed the motion and cross-moved for leave to intervene in the instant action. By order dated June 13, 2022, the Supreme Court granted South Point's motion and Rashed's cross-motion. Rashed appeals from so much of the order as granted those branches of South Point's motion which were to vacate the conditional order of dismissal and to restore the action to the active calendar.
CPLR 3216(a) provides, in pertinent part, that "[w]here a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading on terms." However, a court may not dismiss a complaint "based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Bank of Am., N.A. v Ali, 202 AD3d 726, 727). Here, the Supreme Court was without power to direct dismissal of the complaint in the instant action pursuant to CPLR 3216(b)(1) since issue had never been joined (see Bank of Am., N.A. v Ali, 202 AD3d at 727; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110).
Moreover, a complaint in an action cannot be dismissed pursuant to CPLR 3216 "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3] [emphasis omitted]; see HSBC Bank USA, N.A. v Arias, 187 AD3d 1158, 1158). Here, the conditional order of dismissal "was defective in that it failed to state that the plaintiff's failure to comply with the notice 'will serve as a basis for a motion' by the court to dismiss" the complaint "for failure to prosecute" (Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021, quoting CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d 1049, 1050). Further, the record demonstrates that no motion to dismiss was ever made and that no order of dismissal was ever entered.
Accordingly, the Supreme Court properly granted those branches of South Point's motion which were to vacate the conditional order of dismissal and to restore the instant action to the active calendar (see Bank of Am., N.A. v Ali, 202 AD3d at 727; Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982-983).
Rashed's contention regarding RPAPL 1301(3) is improperly raised for the first time on appeal.
In view of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court