Villota v Hua Mei Lin (2025 NY Slip Op 02958)

Villota v Hua Mei Lin

2025 NY Slip Op 02958

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-09108
 (Index No. 510353/18)

[*1]Cecilia Margoth Villota, respondent, 
v
Hua Mei Lin, et al., appellants, et al., defendant.

Brody Law Group, PLLC, New York, NY (Magdalene P. Skountzos of counsel), for appellants Hua Mei Lin and Su Yu Lin.
Offit Kurman, New York, NY (Daniel J. Schneider of counsel), for appellant NY Drilling, Inc.
Smith Mazure, P.C., New York, NY (Carol G. Morokoff and Zaina Ayyoub of counsel), for appellant COS Construction, Inc.
Law Offices of Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Hua Mei Lin and Su Yu Lin appeal, the defendant NY Drilling, Inc., separately appeals, and the defendant COS Construction, Inc., separately appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 21, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to restore the action to the active calendar.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
In May 2018, the plaintiff commenced this action to recover damages for personal injuries. On July 19, 2022, after a compliance conference at which an appearance by the parties was not required, the Compliance Conference Part marked the action "disposed," but no order directing dismissal of the complaint was entered. In July 2023, the plaintiff moved, inter alia, to restore the action to the active calendar. In an order dated July 21, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants Hua Mei Lin and Su Yu Lin, NY Drilling, Inc., and COS Construction, Inc. (hereinafter collectively the defendants), separately appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was to restore the action to the active calendar without the plaintiff being required to demonstrate a reasonable excuse for a purported default or a meritorious cause of action (see Onewest Bank FSB v Arecy, 189 AD3d 1440; Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139, 1141). There was no default in appearing at the compliance conference. Further, since this action was pre-note of issue when it was marked disposed, it could not be properly marked off the calendar pursuant to CPLR [*2]3404, and the plaintiff was not required to move to restore the action to the calendar within any specified period of time (see Fifth Third Mtge. Co. v Schiro, 210 AD3d 953). In any event, the plaintiff did proceed within one year.
Further, there was no 90-day notice pursuant to CPLR 3216, and there was no order directing dismissal of the complaint pursuant to 22 NYCRR 202.27 (see Santiago v City of New York, 206 AD3d 948, 950).
The defendants' remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court