Deutsche Bank Natl. Trust Co. v Poyer

2026 NY Slip Op 03145

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., appellant,

v

Mineva Poyer, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-06102, (Index No. 23684/08)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Hinshaw & Culbertson LLP, New York, NY (Charles W. Miller and Anthony P. Scali of counsel), for appellant.

Mobilization for Justice, Inc., New York, NY (Christopher Fasano of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 2, 2022. The order denied the plaintiff's motion to vacate an order of the same court dated April 10, 2014, conditionally directing dismissal of the action, and to restore the action to the active calendar.

ORDERED that the order dated June 2, 2022, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated April 10, 2014, and to restore the action to the active calendar is granted.

The plaintiff commenced this action to foreclose a mortgage on certain real property located in Brooklyn against, among others, the defendant Mineva Poyer (hereinafter the defendant). After a status conference, the Supreme Court issued a conditional order of dismissal dated April 10, 2024, directing dismissal of this action for want of prosecution pursuant to CPLR 3216, unless the plaintiff filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days (hereinafter the conditional order of dismissal). The plaintiff took no further action, and the action was administratively dismissed.

Subsequently, the plaintiff commenced a second action against the defendant, among others, to foreclose the same mortgage (hereinafter the second action). In an order dated July 18, 2019, the Supreme Court granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint in the second action insofar as asserted against her as time-barred.

Thereafter, in the instant action, the plaintiff moved to vacate the conditional order of dismissal, and to restore this action to the active calendar. By order dated June 2, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.

"CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (Bank of N.Y. Mellon v [*2]Buxbaum, 231 AD3d 784, 785 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 749). "[A] court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Wells Fargo Bank, N.A. v Temlyak, 221 AD3d 750, 751 [internal quotation marks omitted]; see Bank of Am., N.A. v Ali, 202 AD3d 726, 727). Here, the Supreme Court was without authority to issue a 90-day notice since issue was not joined in the action (see CPLR 3216[b][1]; Bank of Am., N.A. v Ali, 202 AD3d at 727).

In addition, "[p]ursuant to CPLR 3216(b), an action cannot be dismissed pursuant to CPLR 3216(a) unless a written demand is served upon the party against whom such relief is sought in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed" (Bank of N.Y. Mellon v Buxbaum, 231 AD3d at 785 [emphasis and internal quotation marks omitted]; see CPLR 3216[b][3]; Cadichon v Facelle, 18 NY3d 230, 235). Here, there is no evidence in the record that the plaintiff was served with a written demand as required by CPLR 3216. Moreover, the conditional order of dismissal, which, in effect, served as a 90-day notice pursuant to CPLR 3216, was defective in that it did not state that the plaintiff's failure to comply with the demand would serve as a basis for the Supreme Court, on its own motion, to dismiss the action for failure to prosecute (see id. § 3216[b][3]; Cadichon v Facelle, 18 NY3d at 235; Bank of N.Y. Mellon v Buxbaum, 231 AD3d at 785). Further, the record demonstrates that no such motion was ever made, nor was there entry of an order of dismissal. Therefore, the action should have been restored to the active calendar without considering whether the plaintiff had a reasonable excuse for its delay in moving to vacate the conditional order of dismissal (see Wells Fargo Bank v Wasersztrom, 233 AD3d 824, 825; OneWest Bank, FSB v Segal, 221 AD3d 1020, 1023).

Accordingly, the instant action should not have been administratively dismissed, and the plaintiff's motion to vacate the conditional order of dismissal and to restore the action to the active calendar should have been granted.

The defendant's contention regarding RPAPL 1301(3) is improperly raised for the first time on appeal (see South Point, Inc. v John, 230 AD3d 825, 827).

In light of our determination, we need not reach the parties' remaining contentions.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court