HSBC Bank USA, N.A. v Arias (2020 NY Slip Op 06108)





HSBC Bank USA, N.A. v Arias


2020 NY Slip Op 06108


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-14042
 (Index No. 13282/09)

[*1]HSBC Bank USA, N.A., etc., appellant,
v
Joaquin Arias, et al., defendants, David A. Bythewood, respondent. RAS Boriskin, LLC, Westbury, NY (Joseph Battista of counsel), for appellant.


David A. Bythewood, Mineola, NY, respondent pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated December 21, 2017. The order denied the plaintiff's motion to vacate an order of the same court (Thomas A. Adams, J.) dated November 20, 2012, conditionally directing dismissal of the complaint pursuant to CPLR 3216, to restore the action to the active calendar, and to reinstate the notice of pendency.
ORDERED that the order dated December 21, 2017, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated November 20, 2012, to restore the action to the active calendar, and to reinstate the notice of pendency is granted.
In July 2009, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Nassau County. On November 20, 2012, the Supreme Court issued a certification order which, inter alia, certified the matter for trial and directed the plaintiff to file a note of issue within 90 days. The order provided that "[i]f plaintiff does not file a note of issue within 90 days this action is deemed dismissed without further order of the Court. (CPLR 3216)." The plaintiff failed to file a note of issue, and the action was ministerially dismissed, without further notice to the parties. By notice of motion dated October 31, 2017, the plaintiff moved to vacate the certification order, to restore the action to the court's calendar, and to reinstate the notice of pendency. The court denied the motion, and the plaintiff appeals.
An action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]; see Rosenfeld v Schneider Mitola LLP, 175 AD3d 1576, 1577; Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982).
The certification order, which purported to serve as a 90-day notice pursuant to CPLR [*2]3216, was defective as it did not state that the plaintiff's failure to comply with the demand would serve as a basis for the Supreme Court, on its own motion, to dismiss the action for failure to prosecute (see CPLR 3216[b][3]; Cadichon v Facelle, 18 NY3d at 235-236; Rosenfeld v Schneider Mitola LLP, 175 AD3d at 1577; Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982). Moreover, it is evident from the record that the action was ministerially dismissed without a motion or notice to the parties, and there was no order of the court dismissing the action (see Cadichon v Facelle, 18 NY3d at 236; Rosenfeld v Schneider Mitola LLP, 175 AD3d at 1577; Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982).
Since the action was not properly dismissed pursuant to CPLR 3216, the Supreme Court should have granted the plaintiff's motion to vacate the certification order, to restore the action to the court's calendar, and to reinstate the notice of pendency.
In light of our determination, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court