Nationstar Mtge., LLC v Retemiah (2021 NY Slip Op 03461)





Nationstar Mtge., LLC v Retemiah


2021 NY Slip Op 03461


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-01338
 (Index No. 4843/10)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Paul Retemiah, appellant, et al., defendants.


Balisok & Kaufman, PLLC, Brooklyn, NY (Jesse L. Kaufman of counsel), for appellant.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Paul Retemiah appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 27, 2018. The order granted that branch of the plaintiff's motion which was to vacate a conditional order of dismissal of the same court dated January 28, 2014, in effect, granted that branch of the plaintiff's motion which was to restore the action to the active calendar, and denied the defendant's cross motion pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated December 27, 2018, is affirmed, with costs.
In 2010, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Kings County, and issue was joined. On January 28, 2014, the Supreme Court issued a conditional order of dismissal which stated that "this action is dismissed pursuant to CPLR 3216 and the County Clerk is directed to cancel the Notice of Pendency unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof." Thereafter, the action was ministerially dismissed, without further notice to the parties.
The plaintiff subsequently moved to vacate the conditional order of dismissal and to restore the action to the active calendar. The defendant Paul Retemiah (hereinafter the defendant) opposed the motion and cross-moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him. The Supreme Court granted that branch of the plaintiff's motion which was to vacate the conditional order of dismissal, in effect, granted that branch of the plaintiff's motion which was to restore the action to the active calender, and denied the defendant's cross motion. The defendant appeals.
An action cannot be dismissed pursuant to CPLR 3216 "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235 [emphasis omitted], quoting CPLR 3216[b][3]; see HSBC Bank USA, N.A. v Arias, 187 AD3d 1158; Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982).
Here, the conditional order of dismissal, which, in effect, served as a 90-day notice pursuant to CPLR 3216, was defective in that it did not state that the plaintiff's failure to comply with the demand would serve as a basis for the Supreme Court, on its own motion, to dismiss the action for failure to prosecute (see CPLR 3216[b][3]; Cadichon v Facelle, 18 NY3d at 235-236; HSBC Bank USA, N.A. v Arias, 187 AD3d at 1158; Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982). Further, the record demonstrates that no such motion was ever made, nor was there entry of an order of dismissal.
Accordingly, the action was not properly dismissed pursuant to CPLR 3216, and the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to vacate the conditional order of dismissal, and, in effect, granting that branch of the plaintiff's motion which was to restore the action to the active calendar (see Cadichon v Facelle, 18 NY3d at 236; HSBC Bank USA, N.A. v Arias, 187 AD3d at 1158; Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982).
Furthermore, the Supreme Court properly denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him. The documentary evidence upon which the defendant relied was an order in a related action pursuant to RPAPL 1501(4) which he had commenced to cancel and discharge of record the subject mortgage. In that order, the court, inter alia, granted that branch of the defendant's motion which was for summary judgment on the complaint. However, on a related appeal in that action (see Retemiah v Bank of New York Mellon, _____ AD3d _____ [decided herewith]), this Court is reversing so much of the order as granted that branch of the defendant's motion which was for summary judgment on the complaint. In light of our determination on that appeal, the defendant has not established that this action should be dismissed based on documentary evidence.
The defendant's remaining contentions are without.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court