Onewest Bank, FSB v N&R Family Trust (2021 NY Slip Op 07008)





Onewest Bank, FSB v N&R Family Trust


2021 NY Slip Op 07008


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-03977
 (Index No. 26760/10)

[*1]Onewest Bank, FSB, respondent, 
v
N & R Family Trust, et al., appellants, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for appellants.
Houser LLP, New York, NY (Kathleen M. Massimo and Michael C. Hughes of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants N & R Family Trust, Nachman Leifer, and Trustees of Successor Trustees or N & R Family Trust appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 20, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue its prior motion to restore the action to the active calendar, which had been denied in an order of the same court dated December 20, 2017, and, upon reargument, in effect, vacated that portion of the order dated December 20, 2017, and a prior administrative dismissal of the action on February 28, 2017, and thereupon, granted the plaintiff's prior motion.
ORDERED that the order dated February 20, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action in 2010 to foreclose a mortgage. After issue was joined, but before a note of issue was filed, in an order dated November 22, 2016, the Supreme Court directed the plaintiff to make a motion for an order of reference within 90 days. The order also stated: "The failure to comply with this order will result in dismissal of the action." The plaintiff did not make the motion within the required time. On February 28, 2017, the court ministerially dismissed the action, in effect, pursuant to CPLR 3216, relying upon its November 22, 2016 order.
In August 2017, the plaintiff moved, inter alia, to restore the action to the active calendar. The defendants N & R Family Trust and Nachman Leifer cross-moved, inter alia, for leave to file an amended answer. In an order dated December 20, 2017, the Supreme Court denied the plaintiff's motion on the ground that the plaintiff had failed to comply with the November 22, 2016 order without explanation. The court denied the cross motion as academic. Subsequently, the plaintiff moved for leave to renew and reargue its prior motion, inter alia, to restore the action to the active calendar. In an order dated February 20, 2019, the court, inter alia, granted that branch of the motion which was for leave to reargue, and thereupon, in effect, vacated (1) the portion of the December 20, 2017 order denying the plaintiff's prior motion, and (2) the February 28, 2017 administrative dismissal, and thereupon, granted the plaintiff's prior motion to restore the action to the active calendar. The defendants N & R Family Trust, Nachman Leifer, and Trustees of Successor Trustees or N & R Family Trust (hereinafter collectively the N & R defendants) appeal.
A motion for leave to reargue is addressed to the sound discretion of the motion court [*2](see Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC, 184 AD3d 695; MAAD Constr., Inc. v Cavallino Risk Mgt., Inc., 178 AD3d 816, 819). Such a motion must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue its prior motion to restore the action to the active calendar. The plaintiff demonstrated that the court had overlooked or misapprehended its argument regarding whether the purported dismissal of the action was proper (see HSBC Bank USA, N.A. v Arias, 187 AD3d 1158, 1158-1159).
An action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d at 235, quoting CPLR 3216[b][3]). Here, the November 22, 2016 order was not effective to serve as a 90-day notice pursuant to CPLR 3216, as it did not state that the plaintiff's failure to comply with the demand would serve as a basis for the Supreme Court, on its own motion, to dismiss the action for failure to prosecute (see Cadichon v Facelle, 18 NY3d at 235-236; HSBC Bank USA, N.A. v Arias, 187 AD3d at 1159; Rosenfeld v Schneider Mitola LLP, 175 AD3d 1576, 1577). Further, it is evident from the record that the action was ministerially dismissed without a motion or notice to the parties, and there was no order of the court dismissing the action (see Cadichon v Facelle, 18 NY3d at 236; Rosenfeld v Schneider Mitola LLP, 175 AD3d at 1577). Under these circumstances, the action was properly restored to the active calendar without considering whether the plaintiff had a reasonable excuse for its delay in complying with the November 22, 2016 order (see Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084).
The N & R defendants' remaining contentions are without merit.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court