Deutsche Bank Natl. Trust Co. v Beckford (2022 NY Slip Op 01143)





Deutsche Bank Natl. Trust Co. v Beckford


2022 NY Slip Op 01143


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-03880
2019-13966
 (Index No. 17999/09)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Claudia Beckford, respondent, et al., defendants.


Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for appellant.
Marc E. Scollar, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 7, 2019, and (2) an order of the same court dated November 7, 2019. The order dated February 7, 2019, denied the plaintiff's motion to vacate a conditional order of dismissal of the same court dated February 4, 2014, and to restore the action to the active calendar. The order dated November 7, 2019, denied the plaintiff's motion for leave to renew its prior motion to vacate a conditional order of dismissal of the same court dated February 4, 2014, and to restore the action to the active calendar.
ORDERED that the order dated February 7, 2019, is reversed, on the law, and the plaintiff's motion to vacate the conditional order of dismissal dated February 4, 2014, and to restore the action to the active calendar is granted; and it is further,
ORDERED that the appeal from the order dated November 7, 2019, is dismissed as academic in light of our determination on the appeal from the order dated February 7, 2019; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2009, the plaintiff commenced the instant action to foreclose a mortgage on certain property located in Brooklyn. In a conditional order of dismissal dated February 4, 2014, the Supreme Court stated that, at a status conference held that day, it had found "that more than one year ha[d] elapsed since the joinder of issue and plaintiff ha[d] unreasonably neglected to prosecute this action." In the same order, the court further stated "this action is dismissed pursuant to CPLR 3216 and the County Clerk is directed to cancel the Notice of Pendency unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days of the date hereof."
In November 2018, the plaintiff moved to vacate the conditional order of dismissal, and to restore the action to the active calendar. In an order dated February 7, 2019, the Supreme Court denied the motion. Thereafter, the plaintiff moved for leave to renew. In an order dated November 7, 2019, the court denied the motion. The plaintiff appeals.
"CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (BankUnited v Kheyfets, [*2]150 AD3d 948, 949; see CPLR 3216[b][3]). An action cannot be dismissed pursuant to CPLR 3216(a) unless a written demand is served upon the party against whom such relief is sought in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said 90-day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed (see id. § 3216[b][3]; Nationstar Mtge., LLC v Retemiah, 195 AD3d 628; Deutsche Bank Natl. Trust Co. v Henry, 189 AD3d 1357, 1357-1358).
Here, the conditional order of dismissal "was defective in that it failed to state that the plaintiff's failure to comply with the notice 'will serve as a basis for a motion' by the court to dismiss the action for failure to prosecute" (Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021, quoting CPLR 3216[b][3]; see U.S. Bank N.A. v Thompson, 189 AD3d 1643, 1645; Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 749-750). Moreover, there was no indication that the plaintiff's counsel was present at the status conference at which the Supreme Court issued the conditional order of dismissal, nor was there evidence that the conditional order of dismissal was ever properly served upon the plaintiff (see Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d at 750). In addition, notwithstanding the statement in the conditional order of dismissal that "more than one year ha[d] elapsed since the joinder of issue," there is no dispute that issue was not joined (see CPLR 3216[b][1], [2]). Accordingly, the court should have granted the plaintiff's motion to vacate the conditional order of dismissal, and to restore the action to the active calendar.
In view of the foregoing, the appeal from the order dated November 7, 2019, must be dismissed as academic.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court