Amtrust Bank v Dweck (2022 NY Slip Op 04615)

Amtrust Bank v Dweck

2022 NY Slip Op 04615

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-10394
 (Index No. 13518/08)

[*1]Amtrust Bank, etc., plaintiff, 
v
Richard Dweck, et al., appellants, et al., defendants; Wilmington Trust, National Association, etc., nonparty-respondent.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Ronald Labeck and Richard O'Brien of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Richard Dweck and Sharon Dweck appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 23, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated February 28, 2019, granting the plaintiff's motion, among other things, to vacate a conditional order of dismissal of the same court dated October 18, 2016, and to restore the action to the active calendar, inter alia, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain property located in Brooklyn. The defendants Richard Dweck and Sharon Dweck (hereinafter together the defendants) answered the complaint. The Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The court thereafter issued a conditional order of dismissal dated October 18, 2016, finding that issue had not been joined and the plaintiff had failed to proceed to entry of a judgment within one year of the defendants' default. The court directed that the complaint would be dismissed as abandoned unless the plaintiff proceeded to entry of a judgment within 90 days.
In May 2018, the plaintiff moved, among other things, to vacate the conditional order of dismissal and to restore the action to the active calendar, and for a judgment of foreclosure and sale. In an order dated February 28, 2019, the Supreme Court granted the plaintiff's motion. An order and judgment of foreclosure and sale dated July 23, 2019, inter alia, directed the sale of the subject property. The defendants appeal.
As the Supreme Court correctly concluded, dismissal of the complaint was not warranted pursuant to CPLR 3215(c), as the defendants did not default. Nor was dismissal warranted pursuant to CPLR 3216, since the note of issue had already been filed (see Barbu v [*2]Savescu, 49 AD3d 678; see also Buczek v Dell & Little, LLP, 127 AD3d 1121, 1124), and, in any event, the conditions precedent set forth in that statute were not complied with (see CPLR 3216[b]; Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d 1049, 1050).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion, among other things, to vacate the conditional order of dismissal and to restore the action to the active calendar.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court