22-2542-cv
*Bythewood v. State of New York*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty-three.

Present:
> DENNY CHIN,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

DAVID A. BYTHEWOOD,

> *Plaintiff-Appellant,*

v.                                                                          22-2542-cv

THE STATE OF NEW YORK, THE APPELLATE DIVISION SECOND DEPARTMENT OF THE SUPREME COURT OF THE STATE OF NEW YORK, JUSTICE LEONARD AUSTIN, JUSTICE ALAN D. SCHEINKMAN, JUSTICE MARK C. DILLON, JUSTICE ROBERT J. MILLER, HONG KONG SHANGHAI BANK CORPORATION BANK USA, N.A. (HSBC),

> *Defendants-Appellees.*

---

1

For Plaintiff-Appellant:  DAVID A. BYTHEWOOD, pro se, Mineola, NY

For State Defendants-Appellees:  DAVID LAWRENCE III, Assistant Solicitor General (Matthew W. Grieco, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY

For Defendant-Appellee HSBC:  LEAH N. JACOB, Greenberg Traurig, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant David A. Bythewood, an attorney proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *District Judge*), entered on October 3, 2022, dismissing his claims against the State of New York, the Second Judicial Department of the Appellate Division of the New York State Supreme Court (the "Second Department"), four Second Department justices (collectively with the Second Department, the "Judicial Defendants"), and Hong Kong Shanghai Bank Corporation Bank USA, N.A. ("HSBC"). In his lawsuit before the district court, Bythewood challenged the Second Department's reopening after the passage of several years of a foreclosure proceeding against HSBC, in which HSBC had initially defaulted. *See generally HSBC Bank USA, N.A. v. Arias*, 187 A.D.3d 1158, 1158 (N.Y. App. Div. 2020); *Bythewood v. Renaissance Mortg. Acceptance Corp.*, 187 A.D.3d 1121, 1122 (N.Y. App. Div. 2020). Bythewood sought

2

declaratory relief from the Second Department's decisions, arguing that the Second Department's retroactive application of certain cases violated his federal rights. The district court dismissed Bythewood's claims against the state and the Judicial Defendants, holding they are barred by Eleventh Amendment sovereign immunity and judicial immunity, and declined to exercise supplemental jurisdiction over the state law claims against HSBC. *See Bythewood v. New York*, No. 21-cv-4628, 2022 WL 4661568, at *2–3 (E.D.N.Y. Sept. 30, 2022). This appeal followed. We assume the parties' familiarity with the case.

"In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Maloney v. Soc. Sec. Admin.,* 517 F.3d 70, 74 (2d Cir. 2008). Furthermore, we review *de novo* a district court's dismissal for failure to state a claim upon which relief can be granted, "accepting as true all of the complaint's well-pleaded facts." *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). Although we generally review *pro se* submissions with "special solicitude," liberally construing them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006),[1] no such special solicitude is afforded to *pro se* attorneys, *cf. Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981).

We agree with the district court that Bythewood's claims against the State of New York and the Judicial Defendants are barred by Eleventh Amendment sovereign immunity. The Eleventh Amendment precludes suits against a state unless the state expressly waives its immunity

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

or Congress abrogates that immunity. *See CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002). Furthermore, Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). The New York State Unified Court System is "unquestionably an arm of the state" that shares in New York's immunity to suit. *Id.* at 368. Moreover, "there is no suggestion of congressional abrogation or state acquiescence." *Id.* at 366. While Bythewood seeks refuge in *Ex parte Young*, 209 U.S. 123 (1908), an exception to sovereign immunity, he is asking for retrospective declaratory relief based on past judicial actions, not prospective injunctive relief, making *Ex parte Young* inapplicable. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that *Ex parte Young* "applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past"). Retrospective declaratory relief cannot otherwise serve as an "end run" around "the Eleventh Amendment's bar on retrospective awards of monetary relief." *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). And to the extent that Bythewood seeks injunctive relief against the Judicial Defendants, such claims would not be available in these circumstances under 42 U.S.C. § 1983. Therefore, Bythewood's claims that the Second Department applied state law in a way that violated his federal rights are barred by Eleventh Amendment immunity.[2]

---

[2] While we need not definitively resolve the issue, to the extent that Bythewood seeks the functional equivalent of federal appellate review of the Second Department's decisions, his claims would likely be barred by the *Rooker-Feldman* doctrine, which prevents federal courts from reviewing and rejecting state court judgments. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422

4

Bythewood's claims against the Second Department justices in their individual capacities are also barred by absolute judicial immunity. "[J]udges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Again, while Bythewood framed his request in the context of past declaratory relief, he cannot avoid the application of immunity by seeking a declaration that a judge violated his federal rights through prior adverse rulings. *Cf. Ward*, 207 F.3d at 120.

Bythewood argues that judicial immunity does not bar his claims because the Second Department did not have jurisdiction to rule on the foreclosure proceeding as, under C.P.L.R. § 5511, an aggrieved party cannot appeal from a judgment or order entered upon his default. This argument is unpersuasive. Judges are entitled to absolute judicial immunity unless they act "in the complete absence of all jurisdiction." *See Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019). As established by the very case Bythewood relies upon for his jurisdictional argument, while New York law does not permit a party to appeal from an order or judgment granted upon his default, a party *can* appeal the denial of a motion for *relief* from an order or judgment of default. *See Wells Fargo Bank, N.A. v. Syed*, 160 A.D.3d 914, 914–15 (N.Y. App. Div. 2018) (dismissing appeal from default while exercising jurisdiction over and affirming the denial of a motion for relief). Here, HSBC appealed the denial of a motion "to vacate the certification order, to restore the action to the court's calendar, and to reinstate the notice of pendency." *Arias*, 187 A.D.3d at 1158. Thus, were we able to second-guess the Second

---

F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments . . . .").

Department's exercise of its own appellate jurisdiction under New York state law, we would nevertheless conclude that the justices did not act in the absence of all jurisdiction.

Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Bythewood's state law claims after having dismissed all his federal claims. *See* 28 U.S.C. § 1367(c)(3); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

We have considered Bythewood's remaining arguments and find them to be unpersuasive.

\*   \*   \*

For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6