Bank of N.Y. Mellon v Buxbaum (2024 NY Slip Op 04943)

Bank of N.Y. Mellon v Buxbaum

2024 NY Slip Op 04943

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-10138
 (Index No. 513/10)

[*1]Bank of New York Mellon, etc., respondent,
v
Chaya Buxbaum, appellant, et al., defendants.

Malvina Lin, P.C., Brooklyn, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith, Chadwick Devlin, and Ashley Miller of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Chaya Buxbaum appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 25, 2022. The order granted the plaintiff's motion to vacate a conditional order of dismissal of the same court dated October 3, 2013, and to restore the action to the active calendar.
ORDERED that the order dated May 25, 2022, is affirmed, with costs.
In January 2010, the plaintiff commenced this action against the defendant Chaya Buxbaum (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn, and issue was joined.
On October 3, 2013, the Supreme Court issued a conditional order of dismissal which stated that, at a status conference held that day, the court had found that "more than one year has elapsed since the joinder of issue and the plaintiff has unreasonably neglected to prosecute this action." The court directed the dismissal of the action pursuant to CPLR 3216 and directed the County Clerk to cancel the notice of pendency, unless the plaintiff filed a note of issue or otherwise moved for entry of judgment within 90 days from the date of the order. The court warned that "[f]ailure to comply with the terms of this order will result in the dismissal of the action." On July 10, 2014, the action was dismissed "as per 90 day order."
In December 2021, the plaintiff moved to vacate the conditional order of dismissal and to restore the action to the active calendar. The defendant opposed the motion. In an order dated May 25, 2022, the Supreme Court granted the motion. The defendant appeals.
"CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 749 [internal quotation marks omitted]). Pursuant to CPLR 3216(b), an action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by [*2]the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d 1049, 1050).
While a conditional order of dismissal may have the same effect as a valid 90-day notice pursuant to CPLR 3216, "the conditional order here was defective in that it did not state that the plaintiff's failure to comply with the notice 'will serve as a basis for a motion' by the court to dismiss the action for failure to prosecute" (HSBC Bank USA, N.A. v Garnes, 186 AD3d 1620, 1621, quoting CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d at 1050; Deutsche Bank Natl. Trust Co. v Henry, 189 AD3d 1357, 1358). Additionally, it appears that the action was administratively dismissed, without a motion and without the entry of a court order (see Cadichon v Facelle, 18 NY3d at 235-236; HSBC Bank USA, N.A. v Garnes, 186 AD3d at 1621).
Accordingly, the action was not properly dismissed pursuant to CPLR 3216, and the Supreme Court properly granted the plaintiff's motion to vacate the conditional order of dismissal and to restore the action to the active calendar (see Cadichon v Facelle, 18 NY3d at 236; Nationstar Mtge., LLC v Retemiah, 195 AD3d 628, 629).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court