Wells Fargo Bank, N.A. v Etienne (2025 NY Slip Op 02811)

Wells Fargo Bank, N.A. v Etienne

2025 NY Slip Op 02811

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-12428
 (Index No. 757/10)

[*1]Wells Fargo Bank, N.A., appellant,
v
Francklin Etienne, respondent, et al., defendants.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 5, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate an order of the same court (Noach Dear, J.) dated November 6, 2017, directing dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2010, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Brooklyn. In an order dated July 19, 2017, the Supreme Court stated that, at a status conference held one day prior, the plaintiff's counsel had appeared and updates were provided to the court. Based on these updates and the case history, the court found "that more than one year has passed since the joinder of issue and [the p]laintiff has unreasonably neglected to prosecute this action," and the court directed the plaintiff to "resume prosecution of the action by [either moving] for entry of judgment or [filing] a note of issue within [90] days after receipt of this order." This order further provided that, if the plaintiff "fails to do so within the specified time period, this Court will issue a subsequent order dismissing this case pursuant to CPLR 3216 without notice to the parties."
The plaintiff did not comply with the order dated July 19, 2017.
In an order dated November 6, 2017, the Supreme Court directed dismissal of the action pursuant to CPLR 3216, finding, inter alia, that the court "served a [CPLR] 3216 notice ('the Order') upon [the p]laintiff's counsel by Certified Mail Return Receipt Requested" and that the postal service records reflected that the notice was "successfully delivered and signed for" on July 27, 2017.
On June 30, 2023, the plaintiff moved, inter alia, to vacate the order dated November 6, 2017, directing dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar, arguing, among other things, that the order dated July 19, 2017, did not comply with CPLR 3216. By order dated October 5, 2023, the Supreme Court, inter alia, denied those branches [*2]of the motion. The plaintiff appeals.
CPLR 3216 "permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d 1049, 1050 [internal quotation marks omitted]; see CPLR 3216[b][3]; Bank of N.Y. Mellon v Buxbaum, 231 AD3d 784). "An action cannot be dismissed pursuant to CPLR 3216(a) unless a written demand is served upon the party against whom such relief is sought in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said 90-day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed" (Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d at 1050; see CPLR 3216[b][3]; Nationstar Mtge., LLC v Retemiah, 195 AD3d 628, 629). Further, where a written demand to resume prosecution of the action is served by the court, "the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 3216[b][3]; see Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 773). "[A] conditional order of dismissal may have the same effect as a valid 90-day notice pursuant to CPLR 3216" (Bank of N.Y. Mellon v Buxbaum, 231 AD3d at 785; see Deutsche Bank Natl. Trust Co. v Henry, 189 AD3d 1357, 1358).
Contrary to the plaintiff's contention, the language of the order dated July 19, 2017, clearly advised the plaintiff that its failure to comply with the demand to resume prosecution would serve as a basis for dismissal of the action for failure to prosecute (see CPLR 3216[b][3]; cf. Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d at 1050). Contrary to the plaintiff's further contention, the Supreme Court properly determined that, under the circumstances, the court provided sufficiently detailed notice of the specific conduct constituting the plaintiff's neglect.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court